**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Manjinder Singh,<br><br>                    Petitioner,<br><br>v.<br><br>Warden of Mesa Verde Detention Center,<br>et al.,<br><br>                    Respondents. | Case No. 1:26-cv-00951-JLT-SKO<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS<br><br>(Doc. 1) |

Manjinder Singh is a federal immigration detainee with pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 22-year-old citizen of India and asylum seeker who entered the United States on or about July 1, 2023, where he was encountered by the Department of Homeland Security. (Doc. 1 at 2.) That same day, Petitioner was served with a Notice to Appear charging him pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. (Doc. 1-2 at 4.) Petitioner was

subsequently released on his own recognizance and subject to various reporting requirements. (Doc. 1 at 2.) After he arrived in the United States, Petitioner came to live in Bakersfield, California, where he maintained a clean criminal record, applied for asylum, obtained Employment Authorization, and cultivated ties to the Sikh community through regular attendance and service at Gurdwara Guru Angad Darbar in Bakersfield. (*Id*.) On or about October 6, 2025, Petitioner was arrested by Immigration and Customs Enforcement and is currently detained at Golden State Annex Facility in McFarland, California. (*Id*.)

On February 3, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention violates due process. (Doc. 1.) On February 19, 2026, Respondents filed a motion to dismiss the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1.) Respondents do not assert any other grounds for his detention, and it is not the Court's role to manufacture arguments for the parties.[1]

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[1] Petitioner admitted technical malfunctions with the ISAP reporting requirements: "Beginning in late September 2025, Petitioner experienced technical issues with the SmartLINK application. On multiple occasions between September 22 and September 30, 2025, Petitioner uploaded his required photos as instructed, but ICE officers reported that the photos were not appearing in their system. ICE also reported being unable to access Petitioner's location through the application. These technical problems were on ICE's end and were beyond Petitioner's control." (Doc. 1 at 15) Petitioner consistently attempted to comply by uploading photos multiple times as directed. *Id*. Petitioner had a scheduled in-person ICE check-in on October 3, 2025. *Id*. On October 2, 2025, while on a trucking job, Petitioner's truck experienced mechanical issues and was unable to attend the October 3, 2025, appointment due to the truck breakdown. *Id*. Because Respondents do not assert these circumstances as bases for Petitioner's arrest or detention, the Court presumes that they now agree that these circumstances do not justify the arrest or detention.

### III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 16.) To the extent that Respondents substantively address Petitioner's due process argument, they deploy a blanket assertion that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 7 at 1-2.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.   Because the government has no evidence that Petitioner poses a risk of flight or poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3.   Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which

include, at a minimum, pre-deprivation notice[2] of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested

4.     Respondents are **DIRECTED** to file a status report within 7 days of this order confirming that Petitioner has been released.

6.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **February 20, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

4